SAGER *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

[Cite as Sager v. Haskins, Supt., 1 Ohio St. 2d 88.]

(No. 39189—Decided February 3, 1965.)

*Mr. Clyde R. Sager,* in propria persona.

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* It is petitioner's contention that when he was sent to the penitentiary on his sentence for malicious entry in 1958, his 1955 sentence for larceny again began to run so that it has now expired. It is petitoner's argument that under the provisions of Section 2965.35, Revised Code, sentences run consecutively only if so provided by the entry of sentence. This section relates only to eligibility for parole and has no relationship to the actual running of sentences. *Stewart* v. *Maxwell, Warden,* 174 Ohio St. 180.

Concurrent sentences require a positive act of the trial court, and, in the absence of a provision for concurrent sentences by the sentencing court, it is presumed that sentences shall run consecutively. *King* v. *Maxwell, Warden*, 173 Ohio St. 536. The journal entries of sentence in the instant situation are silent in this respect, hence, it must be presumed that the sentences run consecutively.

The fact that petitioner was subsequently imprisoned in 1958 for another crime did not act to recommence the running of his 1955 sentence. During the time petitioner was incarcerated for his 1958 conviction, he was a declared parole violator in relation to his 1955 conviction. Under the provisions of Section 2965.21, Revised Code, a sentence ceases to run on the declaration of parole violation and does not recommence until the parolee is available for return to the penitentiary to serve such sentence. Where one on parole is convicted for another crime and sent to the penitentiary therefor, he is not available for return to serve a prior sentence until he has fulfilled his obligations under the later conviction. *King* v. *Maxwell, Warden, supra*; and *Armstrong* v. *Haskins, Supt.*, 176 Ohio St. 422.

Petitioner lost some four years as a result of having been declared a parole violator. During the time petitioner was a declared parole violator, his 1955 sentence for one to seven years was not running. Thus, petitioner's 1955 sentence has not expired and he is not entitled to release.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.