**In re LAMBERT.**

[Cite as *In re Lambert* (1989), 63 Ohio App.3d 121.]

Court of Appeals of Ohio,
Lawrence County.

No. 1890.

Decided Oct. 2, 1989.

*John Wolfe,* for appellant Deron Lambert.

HOMER E. ABELE, Presiding Judge.

This is an appeal from a Lawrence County Juvenile Court judgment ordering appellant, a delinquent child, to make restitution for medical bills incurred by the victim of an assault.

We affirm.

"Assignment of Error

"The court erred in ordering the appellant, delinquent child, to make restitution."

 Appellant admitted to a juvenile court complaint alleging him to be delinquent by reason of assault. The court ordered appellant to make restitution in the amount of $2036.86 for medical bills incurred by the victim as a result of the assault.

R.C. 2151.355 provides, in part:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition: * * *

" * * * *

"(8) Require the child to make restitution for all or part of the property damage caused by his delinquent act and for all or part of the property that was the subject of any delinquent act that he committed and that would be a theft offense, as defined in division (K) of section 2913.01 of the Revised Code, if committed by an adult. * * *

" * * * *

"(10) Make any further disposition that the court finds proper."

Appellant contends the court exceeded its authority under R.C. 2151.355 by ordering restitution for medical bills. We disagree. Although the statute specifically provides only for restitution for property damage and theft, the restitution order of the court is within the court's discretion under R.C. 2151.355(A)(10).

 Appellant cites *State v. Grady* (1981), 3 Ohio App.3d 174, 3 OBR 199, 444 N.E.2d 51, in which the court found a juvenile court's authority was confined to a choice of dispositions provided for in other statutes of the Juvenile Code. However, the *Grady* case involved a lower court's order to confine a juvenile in an adult jail. We agree that a disposition placing a juvenile in an adult jail violates R.C. 2151.355. In contrast, the lower court's disposition in the instant case, although not specifically provided for under the

statute, could appropriately be ordered under the broad language of R.C. 2151.355(A)(10).

Appellant's first assignment of error is overruled.

*Judgment affirmed.*

GREY, J., concurs.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

I concur in the judgment and opinion and write only to note that the appellee failed to file a brief in this matter. Because appellant's assignment of error and brief were far from being frivolous, appellee took a substantial risk that the application of App.R. 18(C) would result in a reversal.