## In re SAMKAS, a Minor.

[Cite as *In re Samkas* (1992), 80 Ohio App.3d 240.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60345.

Decided May 26, 1992.

*Hyman Friedman,* Cuyahoga County Public Defender, and *Gian M. deCaris,* Assistant Public Defender, *Mary Cay Tylee,* Director, CCDLA, and *Jeffrey Kelleher,* Director, CCDLA, for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Blaise D. Thomas,* Assistant Prosecuting Attorney, for appellee.

KRUPANSKY, Judge.

Appellant, James Samkas, appeals from an order of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, committing appellant to the custody of the Ohio Department of Youth Services ("ODYS") for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed appellant's twenty-first birthday, to run consecutive with his prior commitment on a delinquency adjudication on unrelated charges.

Appellant was adjudicated delinquent November 14, 1989 in case No. 8911222 after the juvenile court found appellant had committed a robbery in violation of R.C. 2911.02(A), a felony of the third degree if committed by an adult. In addition appellant entered admissions to three accompanying counts of grand theft in violation of R.C. 2913.02(A)(1). Appellant was subsequently committed to the custody of ODYS for institutionalization in a secure facility for an indefinite term consisting of a minimum of twelve months and a maximum not to exceed appellant's twenty-first birthday on March 2, 1993.

Another complaint was subsequently filed in case No. 8914512 against appellant December 8, 1989 charging appellant with five distinct and unrelated offenses to the above adjudication in case No. 8911222: *viz.,* (1) breaking and entering in violation of R.C. 2911.13(A); (2) two counts of receiving stolen property in violation of R.C. 2913.51(A); (3) safecracking in violation of R.C.

2911.31(A); and (4) possessing criminal tools in violation of R.C. 2923.24(A). The juvenile court retained jurisdiction over the complaint and did not bind appellant over to the common pleas court as an adult pursuant to Juv.R. 30.

Appellant was subsequently adjudicated delinquent in case No. 8914512 June 25, 1990 after the juvenile court found he committed the offense of safecracking and dismissed the remaining charges. The juvenile court committed appellant to the custody of ODYS for an additional indefinite term consisting of a minimum period of six months and a maximum not to exceed appellant's twenty-first birthday to run consecutive with his prior commitment.

Appellant timely appeals from this commitment order raising one assignment of error challenging the jurisdiction of the juvenile court to issue consecutive commitment orders.[1] This court subsequently granted the Cuyahoga Criminal Defense Lawyers Association leave to file an *amicus* brief on appellant's behalf and denied appellant's motion to stay execution of the consecutive commitment order.

█ Appellant's sole assignment of error follows:

"The court below was without jurisdiction to order consecutive sentencing during disposition where the rules of statutory construction, the express provisions of R.C. [Chapter] 2151 and fundamental logic, prohibit a juvenile court from reading into the statute authority to issue consecutive commitment orders."

Appellant's sole assignment of error lacks merit.

Appellant contends the juvenile court lacks jurisdiction to enter consecutive commitment orders since R.C. 2151.355, the statute governing the disposition of juveniles found to be delinquent, does not expressly grant such authority. However, the statute does not expressly deny such authority.

R.C. 2151.23(A)(1) grants the juvenile court the following jurisdiction over delinquency complaints:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:

"(1) Concerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected, or dependent child[.]"

---

1. Appellant does not challenge the underlying delinquency adjudication based upon the juvenile court's finding the evidence demonstrated appellant committed safecracking in violation of R.C. 2911.31(A) beyond a reasonable doubt.

R.C. 2151.355(A) governs the disposition of juveniles found by the juvenile court to be delinquent when the juvenile court retains jurisdiction and the juvenile is not bound over to the common pleas court as an adult pursuant to Juv.R. 30 as in the case *sub judice.*

R.C. 2151.355(A) provides in pertinent part as follows:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

"* * * *

"(4) If the child was adjudicated delinquent by reason of having committed an act that would be an aggravated felony of the third degree or a felony of the third or fourth degree if committed by an adult, commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and *a maximum period not to exceed the child's attainment of the age of twenty-one years* [emphasis added];

"* * * *

"(10) Make any further disposition that the court finds proper."

R.C. 2151.355(A)(4) expressly authorizes commitment for an indefinite term of at least six months upon an adjudication of delinquency when the offense would constitute a third degree felony if committed by an adult such as safecracking in the case *sub judice.* R.C. 2151.355(A)(10) generally authorizes the juvenile court to make any further appropriate disposition. See *In re Lambert* (1989), 63 Ohio App.3d 121, 577 N.E.2d 1184 (subsection [A][10] authorizes ordering restitution for the victim's medical expenses although subsection [A][8] provides for only restitution involving theft and property damage).

Appellant contends that since this statute does not expressly provide for *consecutive* commitment orders like the provision applicable to adults in R.C. 2929.41, the juvenile court lacks authority to enter such orders.[2] We find this contention to be unpersuasive.

---

**2.** Appellant's argument misconstrues R.C. 2929.41 as a jurisdictional provision rather than a rule of construction relating to sentencing. Prior to the enactment of R.C. 2929.41, the Ohio Supreme Court held that sentences for multiple offenses would be deemed to be consecutive unless the sentencing court specifically stated the sentences were concurrent. *State ex rel. Young v. Adult Parole Auth.* (1970), 24 Ohio St.2d 67, 53 O.O.2d 87, 263 N.E.2d 399; *Sager v. Haskins* (1965), 1 Ohio St.2d 88, 30 O.O.2d 237, 204 N.E.2d 233. R.C. 2929.41, which became effective January 1, 1974, simply reverses this presumption when multiple sentences do not specify whether they are to be served concurrently or consecutively and provides in pertinent part as follows:

■ Ordering a juvenile who has twice been adjudicated delinquent to serve a second indefinite term of commitment consecutive to a prior commitment order arising from distinct and unrelated offenses during a different time frame is within the discretion of the juvenile court under R.C. 2151.355(A)(10). Appellant's contention that consecutive sentences serve only to punish rather than to rehabilitate, which is the ultimate goal of the juvenile system, is unpersuasive. The American Heritage Dictionary of the English Language, New College Edition, defines "rehabilitation" as follows:

"to restore * * * a delinquent person to useful life through education and therapy."

It is beyond cavil that each individual learns at his own pace through different means and methods. Some individuals learn quickly and others take longer to learn that one does not take property of another without permission either by violence or otherwise. Some children learn this lesson early in life, appellant obviously had not learned this lesson at age seventeen years. Some juveniles learn only through detention which is itself a means and method of education and rehabilitation. Therefore, the General Assembly passed R.C. 2151.355(A)(10), which reads as follows:

"(10) Make *any* further disposition that the court finds proper." (Emphasis added).

Obviously the General Assembly by adding the word *any*, which it was not required to do, gave the trial judge discretion to further implement the rehabilitative disposition of a juvenile under R.C. 2151.355. Since the General Assembly has not spoken directly on this subject, *i.e.*, whether any term of commitment for subsequent delinquent acts authorized by subsection (A)(4) is to be served concurrently or consecutively to a prior commitment order, the only logical conclusion is the General Assembly delegated this authority to the trial judge by passing R.C. 2151.355(A)(10), giving the trial judge discretion in this area.

Appellant's reliance on this court's decision in *State v. Grady* (1981), 3 Ohio App.3d 174, 3 OBR 199, 444 N.E.2d 51, to support his argument to the contrary is misplaced. The *Grady* court held the general provision prior to subsection (A)(10) did not authorize commitment of a delinquent juvenile to an

---

"(A) *Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence* of imprisonment imposed by a court of this state, another state, or of the United States. * * *

"(B) *A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment,* in the following cases:

"(1) *When the trial court specifies that it is to be served consecutively* * * *[.]" (Emphasis added.)

adult jail when that disposition was restricted by other specific provisions of the Juvenile Code. As a result the court held the general power to make "any further disposition" did not override the restrictions in R.C. 2151.312(A)(4) limiting commitment to an adult facility to exceptional circumstances when housing at an appropriate juvenile facility was temporarily unavailable or that the public safety requires it. Unlike *Grady*, appellant in the case *sub judice* has failed to cite any provision of the Juvenile Code prohibiting consecutive commitment orders.

■ Accordingly, the test now becomes, did the trial judge abuse the discretion granted by R.C. 2151.355(A)(10)? Since appellant was already committed to the ODYS for a minimum period of twelve months for robbery and three counts of grand theft, the trial judge in the case *sub judice* did not abuse his discretion by committing appellant to the custody of ODYS for a consecutive term of six months for safecracking. The trial court acted properly and within the discretion granted by R.C. 2151.355(A)(10). In addition under the facts of the case *sub judice* there are no circumstances under the consecutive commitment order that appellant will be committed beyond his twenty-first birthday despite appellant's argument to the contrary.

The trial judge may have imposed the consecutive commitment to help speed the rehabilitation process. However, since we have only a partial transcript we must presume regularity and affirm. See *Tyrell v. Invest. Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621.

Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

SPELLACY, J., concurs.

JOHN F. CORRIGAN, J., concurs in judgment only.

JOHN F. CORRIGAN, Judge, concurring in judgment only.

I concur in the judgment but cannot agree with the majority's unsupported conclusion that "appellant obviously had not learned this lesson at age seventeen years." Since the appellant was already under commitment to the Ohio Department of Youth Services for rehabilitation and had been in its care for an unknown period of time, he may have already "learned his lesson."

If that were the case, a consecutive commitment for an offense which occurred prior to his rehabilitation would be merely punitive with possible negative consequences. However, since we have only a partial transcript, we have no reason to comment on the wisdom of the court's decision in this matter.