OPINION
Joshua W. Brown, a juvenile traffic offender, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, finding him delinquent for violations of driving under suspension, no operator's license, no seat belt, and failure to yield the right of way. The court entered fines and suspended appellant's drivers license, and ordered him to make restitution. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERRORS
 ONE: WHETHER THE JUVENILE COURT HAS AUTHORITY TO ORDER RESTITUTION TO VICTIMS AND/OR FAMILIES FOR FUNERAL, MEDICAL AND OUT OF POCKET EXPENSES.
 TWO: THE TRIAL COURT IS IN ERROR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE EXISTENCE OF DAMAGES AND PROPER AMOUNT OF RESTITUTION.
The record indicates appellant caused a head-on collision while attempting a left turn in front of a vehicle driven by Sherwin L. Smith. Smith died a week later. Appellant was originally charged with negligently causing Sherwin Smith's death. The State dismissed this charge and appellant pled no contest to the remaining charges. The victim's sister-in-law attended the change of plea hearing, and addressed the court, although the record does not demonstrate she was placed under oath. The victim's sister-in-law indicated the family had extensive medical bills from the victim's last hospitalization, which exceeded the insurance available. The victim's sister-in-law informed the court the estate would be filing bankruptcy. She informed the court family members had paid some of the funeral expenses out of their own pockets. The court ordered appellant to pay the victim's father and brother their out-of-pocket expenses, and also ordered appellant to pay the costs of a grave marker for the victim. At the time of hearing, no marker had been placed on the grave, and the victim's sister-in-law informed the court the least expensive marker would be approximately $1400.00. The court's sentencing entry states: ". . . to make restitution for out-of-pocket expenses including $1325.00 to the Smiths plus no less than $1,400.00 to them for a marker and $1,400.00 to Lewis Donald Smith . . . ." Judgment entry of October 7, 1997.
Appellant does not take issue with the court's acceptance of his no-contest plea, but challenges the court's sentence.
 I
In his first assignment of error, appellant argues the court had no authority to order him to make restitution to the victim's family for funeral, medical and out-of-pocket expenses.
R.C. 2151.356(A)(5) permits the juvenile court on disposition to require the child to make restitution for some or all of the damages caused by his traffic violation. R. C.2151.355(A)(12) permits the juvenile court to make any further dispositional order that the court finds proper.
In In Re: Lambert (1989), 63 Ohio App.3d 121, the Fourth District Court of Appeals held a juvenile court has discretion to fashion an order which meets the rehabilitative needs of the juvenile. See also, In Re: Samkas (1992), 80 Ohio App.3d 240. The Supreme Court has frequently held the term abuse of discretion implies the court's attitude is ". . . unreasonable, arbitrary or unconscionable . . . ." See e.g., State v. Adams (1980), 62 Ohio St.2d 151
at 157.
Appellant argues he carried automobile insurance as required by statute, and this discharges any obligations for these expenses.
We have reviewed the record, and we find the trial court did not abuse its discretion in ordering the juvenile to reimburse the victim's family for their out-of-pocket expenses, in order to rehabilitate him and make him accept his personal responsibility for the loss to the family.
The first assignment of error is overruled.
 II
Appellant next argues the trial court should have conducted an evidentiary hearing on the existence and reasonableness of damages. During the dispositional phase, the court conducted a dialogue with the victim's sister-in-law regarding the expenses the family had incurred. As we noted supra, the record does not demonstrate Mrs. Smith was sworn in as a witness. Mrs. Smith informed the court the victim's 86-year-old father had paid approximately $1400.00 of the funeral expenses and the victim's brother had donated the cemetery lot and paid the opening and closing fees, which amounted to $1,325.00. Mrs. Smith also informed the court there was no marker on the victim's grave. Her husband checked the costs, and found the cheapest marker permitted at the site was about $1400.00. The court directed the juvenile to pay the family members their out-of-pocket expenses including, ". . . no less than $1400.00 for a marker . . . ."
We find the court abused its discretion in not holding an evidentiary hearing, determining the amount and extent of the expenses, and entering a definite amount of restitution to be made. On the face of this order, no one can determine precisely what the restitution amount is. Although we sympathize with the court's obvious wish to bring this matter to a final determination and not subject the victim's family to more distress than necessary, nevertheless, we find the court's order must find a definite amount of restitution, and must determine the amount is reasonable.
The second assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed in part, and vacated in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed in part and vacated in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellant.