Appellant John Reinier is appealing the decision of the Stark County Juvenile Court concerning the juvenile court's acceptance of his true plea and the sentence rendered by the juvenile court. The following facts give rise to this appeal.
On August 7, 1998, appellant and five other juveniles were occupants of a vehicle in the 5500 block of Fulton Drive. As the vehicle passed the Jackson Township Police Department, at least one of the occupants of the vehicle yelled "fuck you cop". Officers heard this profanity and stopped the juveniles' vehicle. After stopping the vehicle, officers discovered the juveniles had been drinking and placed the juveniles under arrest for underage consumption.
This matter came before the juvenile court as a juvenile delinquency complaint filed on September 17, 1998. Appellant appeared before the magistrate, on October 5, 1998, for his arraignment. Appellant was accompanied by his father. Appellant's father made a motion to dismiss the complaint based on his belief that Sgt. Mitchell, from the Jackson Township Police Department, was not a credible witness. The state opposed the motion to dismiss and requested that this matter be set for trial. The magistrate set a trial date and permitted appellant and his father to discuss the matter in the hallway.
Following the meeting in the hallway, appellant informed the juvenile court that he wished to plead true to the charge of underage consumption. The magistrate reviewed appellant's rights he would be waiving by entering a true plea. Appellant acknowledged that he understood his rights and wished to proceed with the true plea. After entering the true plea, this matter proceeded to disposition and the trial court sentenced appellant to five days at the Juvenile Attention Center, probation, Ohio Driver's License suspension, substance abuse evaluation, good behavior in home, school and community and mandatory school attendance.
On October 6, 1998, counsel for appellant filed an objection and motion to stay. The juvenile court overruled appellant's motion on October 6, 1998. Thereafter, appellant's father made an oral motion for early release on October 8, 1998, which the juvenile court also overruled. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUVENILE COURT ERRED BY FAILING TO ADHERE TO THE REQUIREMENTS OF JUV.R. 29(B) AND (D) AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN IT ACCEPTED APPELLANT'S ADMISSION, BEFORE MAKING SURE THAT APPELLANT'S FATHER, WHO ANNOUNCED TO THE COURT THAT HE HAS A HEARING PROBLEM, UNDERSTOOD THE CONSEQUENCES OF HIS SON'S ADMISSION, AND ALSO UNDERSTOOD THAT HIS SON HAD A RIGHT TO COUNSEL.
 II. THE JUVENILE COURT ERRED BY DENYING APPELLANT'S MOTION FOR DISMISSAL ON THE CONDITION THAT A TRIAL OR HEARING WOULD HAVE TO BE HELD TO DETERMINE THE MERITS OF THE MOTION, THEN ACCEPTING APPELLANT'S ADMISSION BEFORE HOLDING THE TRIAL OR HEARING.
 III. THE JUVENILE COURT ERRED BY RELYING ON INCOMPLETE RECORDS CONTAINED IN APPELLANT'S CASE FILE.
 IV. THE JUVENILE COURT ERRED WHEN SENTENCING APPELLANT TO JAIL BY RELYING ON THE TESTIMONY PRESENTED BY THE COUNSELOR FOR THE ARRESTING POLICE DEPARTMENT, WHO STATED THAT APPELLANT'S FAMILY IS EXCEPTIONALLY DYSFUNCTIONAL AND THAT APPELLANT WOULD NOT BENEFIT FROM DIVERSION SERVICES, AND WHEN IT RELIED ON THE PROSECUTOR'S ASSUMPTION THAT APPELLANT WAS NOT BEING DISCIPLINED AT HOME. THE COURT FURTHER ERRED WHEN THE MAGISTRATE RELIED ON HIS OWN ASSUMPTION THAT APPELLANT HAD A SUBSTANCE ABUSE PROBLEM.
 I
Appellant maintains, in his First Assignment of Error, the trial court erred when it accepted his true plea without making sure his father, who has a hearing problem, understood the consequences of a true plea and knew appellant had a right to counsel. We disagree.
Appellant alleges the trial court failed to comply with Juv.R. 29(B) and (D). These rules provide as follows:
 (B) Advisement and filings at the commencement of the hearing
 At the beginning of the hearing, the court shall do all of the following:
 (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.
* * *
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
Our review of the transcript indicates the magistrate informed appellant and his father of the consequences of a true plea and that appellant had a right to counsel. Tr. at 4-5, 13. Appellant acknowledged that he understood these rights. Tr. at 5. Further, although appellant's father informed the magistrate that he had a hearing problem, there is no indication, based on our review of the transcript, that appellant's father was unable to follow the proceedings. Tr. at 5. In fact, the transcript establishes appellant's father actively participated in the conversations between the magistrate, appellant and various witnesses.
Accordingly, we find the magistrate complied with Juv.R. 29(B) and (D). Further, the transcript establishes the appellant, as well as his father, understood the proceedings, consequences of a true plea and his right to counsel.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the juvenile court erred when it denied his motion to dismiss finding a hearing would have to be held to determine the merits of the motion and subsequently accepting appellant's true plea without conducting a hearing. We disagree.
The transcript indicates appellant's motion to dismiss was based on his claim that Sgt. Mitchell is not a credible witness. The juvenile court explained that the basis of appellant's motion concerns an issue that would be determined by a hearing, that is, the credibility of a Sgt. Mitchell. Tr. at 11-12. The only manner in which the juvenile court could evaluate Sgt. Mitchell's credibility is to conduct a hearing at which Sgt. Mitchell could testify. Therefore, the trial court properly denied appellant's motion to dismiss.
Appellant also argues the trial court should have conducted a hearing prior to accepting his true plea. However, there was no need to conduct a hearing once appellant indicated he intended to enter a true plea as the issue of Sgt. Mitchell's credibility became moot.
Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in his Third Assignment of Error, the juvenile court erred when it relied on incomplete records, in his case file, concerning a previous charge. We disagree.
Although Intake Officer Nancy Boylan may have relayed incomplete information to the juvenile court during the dispositional phase of the proceedings, the transcript reflects the magistrate gave appellant's father an opportunity to speak. Mr. Reinier stated the following concerning appellant's prior record:
 Your Honor, the file is not current. Johnny was asked to take four consecutive months of drug screening, and he passed the first three, and Cathy Vesco let him off for the fourth one. He also wrote the essay, I don't know why that wouldn't be in the file, and he visited Detention Center, so — he did so well in complying with her requests that she actually let him off early, she said he didn't have to take the fourth drug test. Tr. At 17.
The magistrate gave appellant's father an opportunity to correct the record. Therefore, the magistrate did not err by making his decision on an incomplete record.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant maintains the trial court erred when it sentenced him to the Juvenile Attention Center based on the testimony of Larry Durian, the prosecutor and the trial court's own conclusion that he has a substance abuse problem. We disagree.
R.C. 2151.355 and Juv.R. 34 govern the disposition of a delinquent child. Both the statute and juvenile rule grant discretion, to the juvenile court, concerning dispositional matters. In the case of State v. Matha (1995), 107 Ohio App.3d 756,760, the court of appeals explained:
 The order of disposition in a juvenile case is a matter within the court's discretion. 'Ohio has long recognized that juvenile proceedings are not criminal in nature and the juvenile system must focus on the child's welfare.' State v. Penrod
(1989), 62 Ohio App.3d 720, 722, 577 N.E.2d 424, 425. While the objective of the juvenile system is rehabilitation rather than punishment, '[t]he juvenile justice system, together with its rehabilitative objective, is purely a statutory creation * * * and it may contain punitive elements.' (Citations omitted.) In re Woodson
(1994), 98 Ohio App.3d 678, 682 N.E.2d 320, 322. 'Some juveniles learn only through detention, which is itself a means and method of education and rehabilitation.' In re Samkas (1992), 80 Ohio App.3d 240, 244, 608 N.E.2d 1172, 1174.
Further, this court has previously held, pursuant to R.C.2151.35(B)(2)(b), that the juvenile court may consider evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence prior to issuing a disposition. In the Matter of Robert Kennedy (June 14, 1995), Guernsey App. No. 94-CA-18, unreported. Finally, it has long been recognized that the admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, 180.
Based on the above case law and statute, we find the trial court properly considered the testimony of Larry Durian and the prosecutor. We also find the recommendations of the juvenile court are consistent with the charge of underage consumption.
Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Hoffman, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES