**In re JACOBS, Alleged Delinquent Child, Appellant.**

[Cite as *In re Jacobs,* 148 Ohio App.3d 173, 2002-Ohio-2844.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–02–02.

Decided June 4, 2002.

Susan J. Phillips, for appellee.

Bret A. Spaeth, for appellant.

HADLEY, Judge.

{¶ 1} Appellant, Zachary L. Jacobs ("the appellant"), appeals the judgment of the Seneca County Court of Common Pleas, Juvenile Division, ordering him to make restitution for the funeral expenses of the victim of a vehicular homicide for which he was found delinquent. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} The pertinent facts and procedural history are as follows. On August 6, 2001, the seventeen-year-old appellant was involved in a motor-vehicle accident with another vehicle being operated by Awilda M. Faber. At the time of the accident, the appellant was traveling east on C.R. 6 in Seneca County while Faber approached from the opposite direction. The appellant's friend sat in the passenger seat of his car, while Faber was accompanied by four of her grandchildren.

{¶ 3} At approximately 1:12 in the afternoon, the appellant drove his vehicle left of center, thereby causing the collision with Faber's vehicle. Faber was killed in the accident, her grandchildren suffered various injuries, and the appellant suffered two broken ankles. The appellant's passenger escaped without injury. There was no evidence of drug or alcohol usage by the appellant.

{¶ 4} On September 13, 2001, a juvenile complaint was filed against the appellant for his involvement in the accident. The complaint alleged that the appellant was a delinquent child pursuant to R.C. 2151.02(A) based upon an alleged violation of R.C. .2903.06(A)(3), vehicular homicide, a first degree misdemeanor. An adjudicatory hearing was held on December 13, 2001 at which the appellant admitted to the complaint. Based upon the appellant's voluntary admission, the trial court adjudicated him to be delinquent. A restitution hearing was then held, wherein evidence was presented as to damages and loss the family

of the victim had incurred. Among other evidence, the family introduced Faber's funeral bill in the amount of $9,808.20. The trial court then issued its decision in a judgment entry filed December 21, 2001, and in a nunc pro tunc judgment entry filed December 31, 2001, in which the court ordered the appellant to pay the funeral expenses of Faber.

{¶ 5} The appellant now appeals, asserting the following two assignments of error:

## ASSIGNMENT OF ERROR NO. I

{¶ 6} "The juvenile court erred as a matter of law in ordering the appellant, Zachary Jacobs, to pay the funeral expenses of Awilda M. Faber as restitution."

## ASSIGNMENT OF ERROR NO. II

{¶ 7} "In the alternative, if the juvenile court was authorized to order restitution of the funeral expenses, the court abused its discretion in doing so given the facts and circumstances of this case."

{¶ 8} The appellant asserts that the trial court erred as a matter of law by requiring the appellant to pay the funeral expenses of Faber as restitution. Specifically, the appellant contends that the order was not authorized by R.C. 2151.355.[1]

{¶ 9} R.C. 2151.355 provided:

{¶ 10} "(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

{¶ 11} " * * *

{¶ 12} "(9) Require the child to make restitution for all or part of the property damage caused by the child's delinquent act and for all or part of the value of the property that was subject of any delinquent act the child committed that would be a theft offense, as defined in division (K) of section 2913.01 of the Revised Code, if committed by an adult.' * * *

{¶ 13} " * * *

{¶ 14} "(25) Make any further disposition that the court finds proper * * *."

---

1. R.C. 2151.355, which concerned the disposition of a delinquent child, was repealed effective January 1, 2002.

{¶ 15}   While the statute specifically provides for restitution only in the case of theft, we find that the restitution order is within the juvenile court's discretion under R.C. 2151.355(A)(25).[2]

{¶ 16}   Despite our finding, we note the appellant's assertion that if the "catch-all" provision of R.C. 2151.355(A) is utilized, the juvenile court is confined to imposing a disposition prescribed by another statute within the Juvenile Code.[3] The appellant contends that no such disposition is authorized by the Juvenile Code.   This argument is without merit.   The statute neither says such a disposition is so restricted, nor do we find that such a restriction is in place. Even if such a proviso did exist, R.C. 2151.356(A)(5) allowed a juvenile court to require a juvenile traffic offender to "make restitution for all damages caused by the child's traffic violation or any part of the damages."[4]   Ordering the appellant to make restitution for the cost of Faber's funeral expenses clearly falls within the former R.C. 2151.356.

{¶ 17}   In the alternative, the appellant asserts that given the facts and circumstances of the case, the juvenile court abused its discretion in ordering the restitution of Faber's funeral expenses.   This court will not reverse the decision of a court of common pleas, juvenile division, unless that court has abused its discretion,[5] an implication that the court's judgment is unreasonable, arbitrary, or unconscionable.[6]

{¶ 18}   The appellant contends that he carried automobile insurance as required by statute, and this discharges his obligations for funeral expenses.   Upon our review of the record, we find that the trial court acted within its discretion in ordering the appellant to reimburse Faber's family for her funeral expenses in order to rehabilitate him and make him accept personal responsibility for the loss to the family.[7]

{¶ 19}   Accordingly, we overrule the appellant's two assignments of error.

----

2.  See *In re Lambert* (1989), 63 Ohio App.3d 121, 577 N.E.2d 1184.

3.  The appellant relies on the Twelfth District's decision in *In re Chinkin* (Apr. 27, 1992), Warren App. No. CA91–09–071, 1992 WL 86498.

4.  R.C. 2151.356 was repealed effective January 1, 2002.

5.  *In re William H.* (1995), 105 Ohio App.3d 761, 767, 664 N.E.2d 1361, citing *In re Anthony M.* (Mar. 10, 1995), Lucas App. No. L–94–204, 1995 WL 96786.

6.  *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

7.  See *In re Brown* (June 26, 1998), Richland App. No. 97CA112, 1998 WL 430028.

{¶ 20}   Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.