DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that (1) committed Sir Williams, a delinquent child, to the care and custody of the Washington County Juvenile Center (Juvenile Center); and (2) ordered the Franklin County Children's Services Board (FCCSB), appellant herein, to pay $100 per day to house him.
 {¶ 2} Appellant assigns the following error for review and determination:
"THE JUVENILE COURT ERRED IN ASSESSING THE COSTS OF DETENTION TO FRANKLIN COUNTY CHILDREN SERVICES, THE CUSTODIAN OF SAID CHILD. THE JUVENILE COURT DOES NOT HAVE THE AUTHORITY UNDER THE OHIO REVISED CODE TO IMPOSE THE COSTS OF THE DETENTION OR CONFINEMENT UPON A PUBLIC CHILDREN SERVICES AGENCY. THEREFORE, SAID ORDER IS VOID AND CONTRARY TO LAW."
 {¶ 3} Appellant has legal custody of Sir Williams (d/o/b 8-24-89). That agency placed him in foster care with the Lowe family in Washington County. On July 23, 2005, an incident at the household required Sheriff's Department intervention. Four days later, a criminal complaint alleged that the child was delinquent for having committed domestic violence in violation of R.C.2919.25(A). The child admitted to the allegations and was adjudicated delinquent. The trial court's disposition included community control and probation.
 {¶ 4} Less than three weeks later, the child's probation officer filed a motion that asserted that the young man violated several aspects of his probation. At a hearing the same day, the trial court committed the child to the Juvenile Center and ordered appellant to pay $100 per day for housing costs. This appeal followed.[1]
 {¶ 5} Appellant argues in its assignment of error that the trial court erred by ordering it to pay $100 per day to house the minor child. We begin our analysis with the well-settled premise that juvenile courts are courts of limited jurisdiction whose powers are created solely by statute. See Carnes v. Kemp,104 Ohio St.3d 629, 821 N.E.2d 180, 2004-Ohio-7107, at ¶ 25; also seeIn re R.K., Cuyahoga App. No. 84948, 2004-Ohio-6918, at ¶ 22. In other words, a juvenile court may not order appellant to pay for the child's detention unless it possesses statutory authority to do so.
 {¶ 6} Appellee cites two statutes to support the juvenile court's actions. The first, R.C. 2151.355, provides in part:
"(A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 * * *
(3) Commit the child to the temporary custody of any school, camp, institution, or other facility operated for the care of delinquent children by the county, by a district organized under section 2151.34 or 2151.65 of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required[.]"
Although we agree with appellee that the juvenile court "was well within its authority to commit the child to the [Juvenile Center]," this statute makes no mention of support and provides no authority to support the trial court's order to command appellant to pay $100 per day.
 {¶ 7} The second statute appellee cites, R.C. 2151.36, provides in pertinent part:
"Except as provided in section 2151.361 of the Revised Code, when a child has been committed as provided by this chapter or Chapter 2152. of the Revised Code, the juvenile court shall issue an order pursuant to Chapters 3119., 3121., 3123., and 3125. of the Revised Code requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child. The juvenile court shall order that the parents, guardian, or person pay for the expenses involved in providing orthopedic, medical, or surgical treatment for, or for special care of, the child, enter a judgment for the amount due, and enforce the judgment by execution as in the court of common pleas.
Any expenses incurred for the care, support, maintenance,education, orthopedic, medical, or surgical treatment, andspecial care of a child who has a legal settlement in anothercounty shall be at the expense of the county of legal settlementif the consent of the juvenile judge of the county of legalsettlement is first obtained. When the consent is obtained, the board of county commissioners of the county in which the child has a legal settlement shall reimburse the committing court for the expenses out of its general fund. If the department of job and family services considers it to be in the best interest of any delinquent, dependent, unruly, abused, or neglected child who has a legal settlement in a foreign state or country that the child be returned to the state or country of legal settlement, the juvenile court may commit the child to the department for the child's return to that state or country." (Emphasis added.)
This statute does appear to address the support issue. Appellant, however, advances several reasons why the statute does not apply. Appellant cites the highlighted portion of the statute which states that expenses for the care of a minor child who has a "legal settlement" in another county shall be borne by the county of "legal settlement" but only if consent of the juvenile court of that county is first obtained. Appellant asserts that in the case sub judice (1) the minor child's "legal settlement" is Franklin County; and (2) no indication exists in the record that the Franklin County Juvenile Court gave consent before the Washington County Juvenile Court ordered appellant to pay for the child's care in the Juvenile Center.[2]
 {¶ 8} The application of this statute turns on the phrase "legal settlement." This phrase appears periodically in the Revised Code, but, oddly enough, is not defined. Several courts have construed the phrase to mean living in an area with some degree of permanency greater than a visit lasting a few days or weeks. See In re Guardianship of Fisher (1993),91 Ohio App.3d 212, 216, 632 N.E.2d 533; In re Guardianship of Worth (Jun. 20, 1997), Darke App. No. 1430; In Re Rawlins (Jun. 7, 1983), Marion App. No. 9-82-47. R.C. 2151.06 states that a child has the same "legal settlement" as a "legal guardian" or "custodian."
 {¶ 9} It is uncontroverted that appellant has legal custody of the child. Thus, Franklin County is the child's legal settlement. Under the highlighted part of the statute, appellant can be required to pay for detention if consent is first obtained from the Franklin County Juvenile Court. We find no such indication in the record concerning the court's consent. Appellant argues that "[t]o the knowledge of [the agency], no consent has been given by a juvenile judge of Franklin County permitting Franklin County to pay detention costs for the child at bar in this case." Appellee also fails to cite to any such evidence of consent. On that basis, the assignment of error is well taken and is hereby sustained.
 {¶ 10} We believe that at this juncture the interests of justice weigh in favor of reversing the trial court's judgment and remanding the matter it for further consideration.[3]
We note that the detention order was issued the same day that the minor child's probation officer filed the probation violation. The juvenile court could have had contact with Franklin County that day, but that no such indication appears in the record. Thus, if the parties so desire, they may pursue this issue further on remand. Additionally, appellee may also pursue the question of whether other statutory provisions exist to allow the costs of the minor child's detention to be assessed to Franklin County.
 {¶ 11} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error, reverse the trial court's judgment and remand the matter for further consideration.[4]
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED.
[1] The judgment appealed herein is ostensibly a "temporary" commitment order pending further proceedings on alleged probation violations. We find it to be a "final order" under R.C.2505.02(B)(2) because the obligation to pay support for the minor child affected a substantial right and juvenile court actions are "special proceedings." See Buzard v. Triplett, Franklin App. No. 05AP-579, 2006-Ohio-1478, at ¶ 9; In re Thigpen, Montgomery App. No. 19726, 2003-Ohio-4431, at ¶ 7.
[2] Appellant also argues that R.C. 2151.36 does not allow the costs of detention in a juvenile facility to be imposed on anyone — even a parent or guardian. Courts have held otherwise. See e.g.In re King (Jun. 13, 1996), Auglaize App. No. 2-95-21. The agency also argues that R.C. 2151.36 does not apply because it refers to commitment under R.C. Chapter 2152 and the child has already been committed to the agency. This is nonsensical. R.C. Chapter 2152 sets out the criminal provisions for juvenile courts and the case at bar dealt with a delinquent or criminal commitment. Finally, appellant posits that the statute does not apply because other sections of the Revised Code address a juvenile court's ability to assess costs. That point is irrelevant. What is at issue here is not court costs, but the expenses of supporting the minor child in detention.
[3] We are not without sympathy for the plight of Washington County or the plight of any county in which a foster child from outside that county has been placed in county, commits a crime, and the county is left with the cost of prosecuting and housing the child. Fundamental fairness seems to dictate that the support expenses should be borne by the county that has custody of the child, rather than be foisted onto the county where the crime happens to be committed.
[4] The dissenting opinion raises several issues that should be addressed. First, the dissent advocates reliance on R.C. 2151.355
to impose the costs of detention in light of the statute's language that authorizes courts to make "any further disposition that the court finds proper." This provision, however, speaks to a child's physical placement, not to costs of detention assessment. The word "disposition" is defined as "transferring to the care or possession of another." Black's Law Dictionary 423 (5th Ed. 1979). Moreover, 2151.36 speaks specifically to costs of detention, whereas R.C. 2151.355 does not. Notably, no case authority apparently exists to support this proposition. Second, the dissent cites In re Lambert (1989), 63 Ohio App.3d 121,122, 577 N.E.2d 1184, which held that R.C. 2151.355(A)(25) empowers a trial court to order a delinquent child to pay a victim's medical bills even though no express statutory provision allows for such an order. However, the Lambert order was against a delinquent child, not a county agency. We do not believe, in contrast to the dissent's apparent view, that construing R.C. 2151.355(A)(25) in this manner, particularly when it directly contravenes R.C. 2151.36, is proper. Finally, the dissent cites R.C. 2151.01(A) for the proposition that the Ohio Revised Code's juvenile court provisions should be liberally construed to effectuate the purpose of providing care for children. While we have no disagreement with that general proposition, it is unlikely that the legislature intended this generalized statement of purpose to be used as authority to contravene the explicit provisions of R.C. 2151.36.