{¶ 12} I respectfully dissent. In my view, R.C.2151.355(A)(25) provides the court below with the necessary statutory authority to order the costs of housing the juvenile below in a publicly funded detention facility. In pertinent part, it provides the juvenile court may: "Make any further disposition that the court finds proper . . ." and obviously the court below found this payment to be proper. The broad language of this catch-allprovision encompasses the underlying order that the detention costs be paid by the Franklin County Children's Service Board.
 {¶ 13} Further, Black's Law Dictionary (8th Ed. 2005) in defining "dispositional hearing" states:
"If the juvenile is adjudicated a delinquent, the probation staff prepares a social history of the youth and his family and enters a disposition. Among the possible juvenile sanctions are a warning, probation, restitution, counseling or placement in a juvenile-detention facility."
 {¶ 14} Also, because of the broad statutory language juvenile courts have been innovative in imposing dispositions. See Matterof Bremmer (Apr. 1, 1993), Cuyahoga App. No. 62088, 1993 WL 95556(where court ordered a school district to establish a detailed educational program for a handicapped delinquent child);In re Joshua S. (May 17, 1996), Erie App. No. E-95-028, 1996 WL 256596(after reconsideration) and Matter of Joey O. (Dec. 12, 1997), Lucas App. No. L-97-1057, 1997 WL 785621 (where court ordered child's parents to participate in counseling); In reJacobs (2002), 148 Ohio App.3d 173, 772 N.E.2d 671, (where court ordered juvenile to pay victim's funeral expenses). See also, Giannelli and Yeomans, Ohio Juvenile Law, (2005 Ed.)Section 27:18.
 {¶ 15} Notably, this Court in In re Lambert (1989),63 Ohio App.3d 121, 577 N.E.2d 1184 addressed the exact language now in R.C. 2151.335(A)(25) [formerly R.C. 2151.355(A)(10)]. There the Appellant contended that the court exceeded its authority by ordering restitution for medical bills because the statute only provided for restitution for property damage and theft. However, we correctly stated that "Although the statute specifically provides for restitution for property damage and theft, the restitution order of the court is within the court's discretion under R.C. 2151.355(A)(10)." Id. at 122. We then concluded by saying:
"the lower court's disposition in the instant case, althoughnot specifically provided for under the statute, couldappropriately be ordered under the broad language of R.C.2151.355 (A)(10)." Id. at 122, 123 (Emphasis added).Lastly, pursuant to R.C. 2151.01 the following Sections in that Chapter "shall be liberally interpreted and construed so as to effectuate the following purposes: (A) to provide for the care . . . of children * * *."
See R.C. 2151.01 et seq.
 {¶ 16} Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and that the case be remanded for further consideration. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J., Concurs in Judgment Opinion.
McFarland, J., Dissents with Dissenting Opinion.