The STATE of Ohio, Appellee,

v.

MATHA, Appellant.

[Cite as *State v. Matha* (1995), 107 Ohio App.3d 756.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006056.

Decided Dec. 13, 1995.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Beverly Caley,* for appellant.

---

REECE, Judge.

Appellant, Christopher Matha, appeals from the adjudication and disposition rendered by the court of common pleas, juvenile division. We affirm.

## I

From approximately January or February 1993 until early November 1993 Chris Matha, aged fourteen, regularly babysat John D., his six-year-old neighbor. Occasionally John D.'s friend and classmate, Aaron M., would visit while Matha babysat. Once during the summer of 1993, Matha babysat Aaron M. During this time, Matha became close to John D.'s family and was often at the family home even when not babysitting.

On November 6, 1993, John D.'s five-year-old cousin was visiting while Matha babysat. The child witnessed Matha and John D. engaged in sexual conduct. She relayed the incident to her mother, John D.'s aunt, who reported the child's claim to John D.'s mother. When confronted, John D. told his mother about a continuing pattern of molestation and rape during the time Matha had been babysitting.

Concerned for her own child, Aaron M.'s mother questioned him about the allegations against Matha. Aaron M. then told his mother he too had been molested and raped by Matha.

On February 16, 1994, John D.'s mother filed a juvenile complaint against Matha based on a violation of R.C. 2907.02(A)(1)(b). Aaron's mother filed a similar complaint one week later. Matha denied the allegations. On September 29, 1994, the matter was heard before a referee. The referee issued a report on October 19, 1994 adjudicating Matha delinquent as to both counts of rape, an aggravated felony of the first degree. The juvenile court overruled Matha's objection to the referee's report and thereafter held a dispositional hearing on January 27, 1995.

As to count one, the court suspended its order of commitment to the Ohio Department of Youth Services ("DYS") and placed Matha on intensive probation. The court ordered indefinite commitment to DYS on count two. It did not suspend execution of commitment as to the second count of rape. Matha now appeals.

## II

Matha proposes three assignments of error. He argues the court erred in overruling his motion for acquittal, the court improperly imposed conflicting dispositions, and the court imposed a disposition of indefinite commitment which was not in his best interest.

## A

"II. The court erred in overruling Appellant's Crim.R. 29 motion."

Crim.R. 29(A) provides: "The court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A motion for judgment of acquittal is properly denied " 'if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' " *State v. Gasser* (1993), 89 Ohio App.3d 544, 547, 626 N.E.2d 127, 129, quoting *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. See Juv.R. 29(E)(4).

R.C. 2907.02(A)(1)(b) states:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

"* * *

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

Aaron M.'s physical exam revealed v-shaped scarring of the anal canal consistent with anal penetration. While John D.'s exam revealed no physical evidence of sexual abuse, the doctor performing the exam testified that in the majority of cases wherein male victims have been subjected to anal intercourse, there is no scarring. A psychotherapist who treated Aaron M. and a social worker/clinical therapist who treated John D. each testified that the boys exhibited symptoms consistent with sexual abuse. Finally, both John D. and Aaron M. testified with clarity that Matha had "put his wiener in my butt."

Assessments of credibility are for the trier of fact. *State v. Tyler* (1990), 50 Ohio St.3d 24, 32, 553 N.E.2d 576, 587–588. The boys' testimony alone, if believed, was sufficient to prove each element of the offense of rape. There is no requirement that a rape victim's testimony be corroborated as a condition precedent to conviction. *State v. Lewis* (1990), 70 Ohio App.3d 624, 638, 591 N.E.2d 854, 863. Review of the record satisfies us that the boys' testimony, in conjunction with the physical evidence and other testimony presented in the case,

could cause reasonable minds to differ as to whether each element of the crime of rape had been proved beyond a reasonable doubt. The court properly denied Matha's motions for an acquittal pursuant to Crim.R. 29(A).

Matha's second assignment of error is overruled.

## B

"I.  The disposition of an indefinite commitment to the Department of Youth Service[s] was not in Appellant's best interest."

R.C. 2151.01 provides that the sections in R.C. Chapter 2151 are to be interpreted and construed so as to:

"(A) [P]rovide for the care, protection, and mental and physical development of children subject to Chapter 2151 * * *;

"(B) [P]rotect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and to substitute therefor a program of supervision, care, and rehabilitation;

"(C) [A]chieve the foregoing purposes, whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety[.]"

R.C. 2151.355 provides:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

" * * *

"(5) If the child was adjudicated delinquent by reason of having committed an act that would be an aggravated felony of the first or second degree or a felony of the first or second degree if committed by an adult, commit the child to the legal custody of the department of youth services for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of the age of twenty-one years[.]"

■ The order of disposition in a juvenile case is a matter within the court's discretion. "Ohio has long recognized that juvenile proceedings are not criminal in nature and the juvenile system must focus on the child's welfare." *State v. Penrod* (1989), 62 Ohio App.3d 720, 722, 577 N.E.2d 424, 425. While the objective of the juvenile system is rehabilitation rather than punishment, "[t]he juvenile justice system, together with its rehabilitative objective, is purely a statutory creation * * * and it may contain punitive elements." (Citation omitted.) *In re Woodson* (1994), 98 Ohio App.3d 678, 682, 649 N.E.2d 320, 322. "Some juveniles

learn only through detention, which is itself a means and method of education and rehabilitation." *In re Samkas* (1992), 80 Ohio App.3d 240, 244, 608 N.E.2d 1172, 1174.

The court determined, due to the serious nature of the crimes, Matha needed intensive counselling. Expressing its concern for Matha's parents' attitude, the court decided Matha needed to be committed in order to receive the therapy he needs. The following colloquy occurred at the dispositional hearing:

"The Court: Dr. Teitelbaum's report says to do three things—four things really. You have only done one. * * * And none of those three were done, that's accurate?

"Mrs. Matha: Accurate.

"We had a family meeting on it and talked about it, and we asked Chris, we asked his sister, my husband and I have talked about it a long time, and we said that when we got the final decision from the Court system, we would do whatever was necessary. Family counselling is a little difficult because we work different shifts. * * *

"The Court: This is your son we are talking about. This is his welfare. I am sure you can get off work, as appropriate, to make this work, Mother.

"You rolled your eyes. Why did you roll your eyes?

"Mrs. Matha: It's a little difficult at work.

"The Court: That's what I'm—that's why I'm concerned about going along with the recommendation. Because I don't think I have a mother and father that want to cooperate. * * *

" * * *

"The Court: * * * I am concerned about your attitude. I am concerned about your parents' attitude here today. I truly am. * * * And you come in here today, and say, 'Please send me home and I will see if my mother and father can get time off to come to counseling.' And that's what you want me to do today; is that true?

"Christopher Matha: Yes.

" * * *

"The Court: I will offer a recommendation for sex offender's treatment. That's usually done at the Riverview facility. I would hope that I would be able to get you in there. * * *

"I guess I am holding you accountable for things perhaps your parents should have attended to, and I am concerned that they did not. I am concerned this matter has gone on for as long as it has and none of the recommendations from

the psychologist—from Dr. Teitelbaum—were, in fact, implemented because everybody is too busy, and that's unfortunate. It's very unfortunate. I would hope you would benefit from this. * * *"

The court determined that Matha could not receive the intensive therapy he needs while remaining at home. R.C. 2151.355(A)(5) explicitly provides for indefinite commitment for at least one year. Under the circumstances of this case, the court did not abuse its discretion in concluding that a disposition of indefinite commitment was in Matha's best interest.

Matha's first assignment of error is overruled.

## C

"III. The trial court erred when it imposed conflicting dispositions for the single status of delinquency."

█ Matha contends that the court could not impose two separate dispositions, on two separate counts of rape, because "plural findings that a child is a delinquent constitute a finding of a single legal status existing at that point in time * * *." Matha also argues the two dispositions ordered by the court are inconsistent. These assertions are completely lacking in merit.

Matha refers this court to *In re Bolden* (1973), 37 Ohio App.2d 7, 66 O.O.2d 26, 306 N.E.2d 166, for the proposition that the two separate complaints on which appellant was adjudicated delinquent merge into a common legal status of delinquency which must result in one disposition for all complaints. The conclusion that appellant urges is not the holding of *In re Bolden. In re Hill* (July 7, 1993), Union App. Nos. 14-93-7 and 14-93-8, unreported, 1993 WL 291068. Matha presently makes the same argument to this court which the appellant in *Hill* made to the *Bolden* court. We similarly reject Matha's argument.

In *Bolden,* the juvenile was charged with three separate offenses arising from the same incident at school. The court committed the juvenile to the custody of DYS while at the same time committing him to detention, and to the custody of his parents. It would be physically impossible for the juvenile to be in three places at once, as the dispositions in *Bolden* required. Therefore, the Union County Court of Appeals held there must be only one disposition for the three offenses arising out of his legal status as a delinquent, *or there must be three separate dispositions which are consistent with each other.*

This court has previously held it proper for a court to order a suspension of indefinite commitment and probation, while also ordering confinement in a residential rehabilitation facility. *In re Taylor* (Mar. 29, 1995), Lorain App. No. 93CA005650, unreported, at 15, 1995 WL 134754. Based on the foregoing, we

hold that the two dispositions in the present case are not inconsistent and were not made in error.

Matha's third assignment of error is overruled.

### III

Matha's three assignments of error are overruled. We affirm the adjudication and disposition rendered by the court of common pleas, juvenile division.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.