**DAVIS, Appellant,**

**v.**

**DAVIS, Appellee.**

[Cite as *Davis v. Davis* (1996), 115 Ohio App.3d 623.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 95–JE–15.

Decided Nov. 20, 1996.

*John R. Estadt,* for appellant.

*Dominick E. Olivito, Jr.,* for appellee.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, Juvenile Division, sustaining the objection of defendant-appellee, Jeffrey Davis, to the report of referee, which recommended that he be found guilty of contempt for violating the trial court's order dated October 4, 1994.

On February 25, 1993, the trial court filed a custody decree, granting parental rights and responsibilities for the within parties' three minor children to appellee. On June 14, 1994, plaintiff-appellant, Debbie Davis, filed a motion requesting that the trial court find appellee in contempt of court for failing to allow her to exercise proper visitation with the minor children. A hearing was held before the court referee, after which it was ordered that the parties submit proposed visitation schedules to the trial court for consideration. Both parties complied with this order and on October 4, 1994, the trial court filed its judgment entry, overruling appellant's motion for contempt and establishing a visitation schedule with the minor children for appellant.

On January 4, 1995, appellee filed a motion requesting that appellant be held in contempt of court for violating the trial court's October 4, 1994 order. Appellant responded by filing a motion requesting that appellee be held in contempt of court for failing to allow her proper visitation with the minor children and imploring the trial court to modify her visitation rights. Appellant also filed an additional motion requesting that appellant be held in contempt of court for failing to allow her to visit with the minor children on a specific weekend.

Following an evidentiary hearing which was held before the court referee on February 14 and 15, 1995, the referee filed his report, finding that appellee had committed fifteen acts of contempt concerning visitation and recommending that the trial court hold him in contempt and sentence him accordingly. The court referee further found that appellant had violated no court order herein and that her costs and attorney fees with regard to this action should be assessed against appellee. Appellant's counsel was therefore ordered to submit his fee statement to the trial court for consideration.

Appellee thereafter filed objections to the report of referee with the trial court on March 10, 1995, to which appellant responded by filing a memorandum in opposition. Following due consideration, the trial court filed its judgment entry sustaining appellee's objections, finding that appellee was not in contempt of the court's order dated October 4, 1994 and granting appellant guideline visitation rights with the minor children. This appeal followed.

Appellant sets forth two assignments of error on appeal.

■ Appellant's first assignment of error alleges:

"It was against the manifest weight of the evidence, it was unsupported by the evidence and it constituted an abuse of discretion for the trial court to not find defendant-appellee Jeffrey Davis in contempt of court when he admitted to it at the hearing; the testimony of plaintiff-appellant Debbie Davis that he repeatedly violated the court order was undisputed; and the referee found 15 violations thereof."

Appellant testified at the evidentiary hearing before the court referee that she had repeatedly been denied telephone access with the minor children herein. Appellee admitted during said hearing that he violated the trial court's order of October 4, 1994 in not being available to answer the telephone on several Sunday and Wednesday evenings as he and the minor children were busy "doing things."

Appellant cites 5 Ohio Jurisprudence (1978) 213, Appellate Review, Section 609, which provides in part:

"A judgment may be reversed as unsupported by or against the weight of the evidence if it is plainly inconsistent with facts conclusively established by the admissions or evidence of the prevailing party or by undisputed evidence."

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533. The trial court is not bound to adopt the court referee's recommendations and to the contrary may, upon consideration of objections to the report of referee, adopt, reject and/or modify the referee's recommendations. Juv.R. 40(E)(4)(b).

There was competent, credible evidence presented in this matter going to all the essential elements of the case, and the trial court did not abuse its discretion in sustaining appellee's objections to the report of referee herein.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The trial court abused its discretion by not awarding plaintiff-appellant Debbie Davis attorney fees and costs under R.C. 3109.51(K) when defendant-appellee Jeffrey Davis admitted at the hearing to repeated contempts of court, plaintiff-appellant Debbie Davis' testimony that he repeatedly violated the court order was undisputed and the referee found 15 violations thereof."

R.C. 3109.051(K) states:

"If any person is found in contempt of court for failing to comply with or interfering with any order * * * granting * * * visitation rights * * *, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory visitation to the person whose right of visitation was affected by the failure or interference if such compensatory visitation is in the best interest of the child."

Appellant argues that this court should use its powers to discourage appellee from interfering with her visitation rights herein. Appellant further urges this court to reverse and remand this matter and award her reasonable attorney fees.

The abuse-of-discretion standard is applicable to appellate review of domestic relations matters. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Both parties in this case filed motions requesting that the other party be held in contempt of court. Ultimately, the trial court found neither party to be in contempt and granted appellant more liberal visitation rights than were previously issued. Based on its determination, the trial court further ordered that the parties be responsible for their own legal fees. We find no abuse of discretion on the part of the trial court in this matter.

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.