OPINION
{¶ 1} Defendant-appellant, Larry Dippel (hereinafter "appellant"), appeals from the February 7, 2003, judgment of the Franklin County Court of Common Pleas finding him guilty of one count of rape, in violation of R.C. 2907.02, one count of sexual battery, in violation of R.C. 2907.03, and two counts of sexual imposition, in violation of R.C. 2907.06. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} On March 18, 2002, appellant was indicted by the Franklin County Grand Jury on one count of rape, one count of sexual battery, and two counts of gross sexual imposition relating to acts involving his fourteen-year-old daughter, Marci Dippel (hereinafter "Marci"), and her two friends, Amber Stollings (hereinafter "Amber") and Gabrielle Moore (hereinafter "Gabrielle"). The acts described in the indictment stemmed from three separate incidents. The first two occurred in the summer of 2001. Appellant kissed Amber and fondled her buttocks. Additionally, he touched Gabrielle's inner thigh and sexually propositioned her. The final incident occurred on March 6, 2002. Marci was getting ready for bed when appellant entered her bedroom and asked Marci for sexual intercourse. When she said "no", he pulled her to him, pulled down the covers, pulled off her pajama bottoms, and performed cunnilingus on her.
 {¶ 3} Appellant waived his right to a trial by jury. Following a bench trial, on February 7, 2003, the trial court found appellant guilty of rape, sexual battery, and two counts of sexual imposition.[1] A sentencing hearing and sexual offender classification hearing were held on April 8, 2003. The court sentenced appellant concurrently to five years in prison for rape, one year for sexual battery, and three months for each sexual imposition count. Appellant timely appeals and asserts the following assignments of error:
[1.] There was insufficient evidence to support the guilty verdict as to the charge of rape, and the verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
[2.] The Judgment Entry improperly sets forth guilty verdicts on two counts of gross sexual imposition instead of the reduced charges of sexual imposition, as misdemeanors of the third degree.
 {¶ 4} In his first assignment of error, appellant contends there was insufficient evidence to find him guilty of rape. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,387; State v. Smith (1997), 80 Ohio St.3d 89, 113. When a defendant challenges the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781. (Emphasis omitted.) A verdict will not be disturbed unless this court finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v.Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 5} Appellant maintains the state's evidence was plagued with inconsistencies and was not supported by any of the family members. While appellant consistently stated he never used force, never threatened, and never coerced the victim into submitting to sexual conduct, Marci's testimony is in stark contrast. She testified appellant pulled back the covers, "pulled [her] towards [sic] him, and he took off [her] pants and [her] underwear." (Tr. at 63-64.) She further testified to struggling and kicking appellant to get him away. (Tr. at 72.)
 {¶ 6} The fact that Marci's sister, Melanie, and mother, Debbie, and the three family dogs' senses were not peaked by any noises of a struggle are not dispositive of such a struggle. Further, it is not necessary that there is corroboration of Marci's testimony as a precedent to conviction. State v. Matha
(1995), 107 Ohio App.3d 756, 759 citing State v. Lewis (1990),70 Ohio App.3d 624, 638.
 {¶ 7} Appellant further contends there is little evidence to support a finding that he used force to compel his daughter to engage in sexual conduct which is required by R.C.2907.02(A)(2).[2] We disagree. The Supreme Court of Ohio has defined force as follows:
The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength.
State v. Eskridge (1988), 38 Ohio St.3d 56, ¶ one of the syllabus.
 {¶ 8} Currently, we find appellant employed persistent psychological force upon Marci. First, appellant is Marci's biological father. In the context of this relationship, he subjected Marci to two years of continual requests for sexual favors. Appellant talked about wanting her and dreaming about her. Appellant admits to "putting a guilt trip on her," because he knew she had sex with her boyfriends, but would not have sex with him. (Tr. of appellant's videotape interview p. 25.) Thus, appellant used psychological force to bring about Marci's submission. Second, the implication of physical force was also present, thus, strengthening the conclusion psychological force was utilized. Appellant was 43 years old, weighed over 200 pounds, and Marci was only 14 years old, 5 feet 5 inches tall, and weighed 100 pounds.
 {¶ 9} Additionally, we also find there was sufficient evidence of actual physical force. While appellant's testimony paints the picture Marci did not care whether appellant performed cunnilingus on her, Marci's testimony differs significantly. She testified appellant pulled her to him, pulled down the covers, pulled off her pajama bottoms and panties, and engaged in cunnilingus with her. She stated she struggled to get away from him, but was too terrified to scream. When appellant finally stopped, Marci pushed him away and kicked at him until he left.
 {¶ 10} After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that appellant used force on his daughter. Accordingly, we find sufficient evidence to support the charge of rape.
 {¶ 11} Appellant also asserts his conviction is against the manifest weight of the evidence. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v.Garrow (1995), 103 Ohio App.3d 368, 370-371.
 {¶ 12} Appellant's sole assertion is the state's evidence was inconsistent and inconclusive as to the element of force. He further argues there was substantial, credible testimony to raise reasonable doubts as to the charge of rape based on the testimony of his wife and daughter Melanie.
 {¶ 13} At trial, Melanie and Debbie testified that the walls in their home were paper thin and noises from Marci's bedroom, as well as from the computer room, could be heard from their respective locations in the house on that night. Both stated no noises indicative of a struggle emanated from Marci's room that evening. However, this testimony is undermined by the fact that neither Debbie nor Melanie heard the conversation between Marci and appellant in the computer room. Further, they did not smell the marijuana Marci and appellant were smoking. In fact, both were unaware appellant had repeatedly asked for sex or sexual favors from Marci or her friends. Accordingly, the fact Debbie's and Melanie's testimony does not corroborate Marci's, does not, in and of itself, render Marci's incredible. Matha, supra.
 {¶ 14} Appellant relies upon his statements to the Reynoldsburg police in support of this contention he did not use force on Marci. He also contends he did not sexually touch Marci's friends. Nevertheless, appellant admitted to pressuring Marci and putting a "guilt trip" on her in an attempt to get her to respond to his sexual advances in order to satisfy him sexually. Further, he admitted to sexual imposition with respect to Gabrielle and Amber.
 {¶ 15} In this matter the only conflict in need of resolution is the contradiction between appellant's statements and Marci's testimony. The trial court had the opportunity to view the witnesses and determine their credibility. The trial court determined that Marci was a more credible witness than appellant. Based on the facts in this case, we find the trial court's determination was not against the manifest weight of the evidence, as the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is not well-taken and is overruled.
 {¶ 16} In his second assignment of error, appellant contends the trial court's judgment entry is inconsistent with the trial court's findings. Specifically, the record indicates the trial court found appellant guilty of sexual imposition, however, the judgment entry states appellant was found guilty of gross sexual imposition.
 {¶ 17} Upon review, the judgment entry erroneously states appellant was found guilty of gross sexual imposition. This is in conflict with the trial court's finding appellant guilty of sexual imposition, in violation of R.C. 2907.06. Accordingly, appellant's second assignment of error is well taken and is sustained.
 {¶ 18} Accordingly, appellant's first assignment of error is overruled, and appellant's second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is hereby remanded to that court in accordance with law consistent with this opinion.
Judgment affirmed in part, reversed in part and remanded.
Bowman and Bryant, JJ., concur.
[1] At the close of the state's case, the trial court concluded the necessary element of force to establish gross sexual imposition had not been met. However, the trial court held the elements of sexual imposition, pursuant to R.C. 2907.06, had been established.
[2] R.C. 2907.02(A)(2) provides "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."