{¶ 71} I respectfully dissent from the decision reached by the majority in this case.
 {¶ 72} In 1970, the United States Supreme Court held that the "beyond a reasonable doubt" standard of proof must be applied in juvenile delinquency cases. In re Winship (1970), 397 U.S. 358. In the case sub judice, the evidence presented fails to satisfy the reasonable doubt standard as to all of the essential elements of the charge of rape. Specifically, the evidence fails to prove that the appellant penetrated, however slightly, either victim's anus with his penis. Without proof of this element beyond a reasonable doubt, the appellant cannot be adjudicated delinquent on a charge of rape.
 {¶ 73} In his fifth assignment of error, appellant contends that the finding of delinquency on the charge of rape was not supported by sufficient probative evidence and was against the manifest weight of the evidence.
 {¶ 74} When reviewing the sufficiency of the evidence, we must examine the evidence in the light most favorable to the state and determine whether that evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In conducting a manifest weight review, we examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the fact finder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68, 2004-Ohio-6235. We must remain mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact.State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862.
 {¶ 75} The complaints in this matter allege that C.C., a 14-year-old boy, anally raped two four-year-old twin brothers. The Supreme Court of Ohio in State v. Wells, 91 Ohio St.3d 32, 2001-Ohio-3, addressed the elements necessary to prove anal rape. The court stated, "there is sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with any part of the defendant's body, or with any instrument, apparatus, or other object. If the evidence shows that the defendant made contact only with the victim's buttocks, there is not sufficient evidence to prove the defendant guilty of the crime of anal rape." Id. at 35.
 {¶ 76} In Wells, the facts showed that the offender had extensively penetrated the crevice between the minor victim's buttocks with his penis, but the facts failed to show actual penetration of the victim's anus. The supreme court upheld the reversal of the rape conviction finding there was insufficient evidence to prove the crime of rape. Id.
 {¶ 77} When the victim is a child with a limited knowledge of body parts and a juvenile vocabulary, it can be very difficult to ascertain whether penetration occurred. In State v. McConnell, 2004-Ohio-4263, the appeals court affirmed a conviction of anal rape where an eight-year-old girl claimed that she woke up to her father "putting his front in my back." The court found there was sufficient proof of penetration where she told the doctor that her father "put his thing in my butt," a medical exam showed she had an anal fissure, and the little girl testified at trial that when her father's "front" went into her "back" just a little bit, it hurt her.
 {¶ 78} Likewise, in State v. Matha (1995), 107 Ohio App.3d 756, the appeals court found sufficient evidence of rape where there was physical evidence of anal scarring, a therapist and social worker testified that the victims exhibited symptoms consistent with sexual abuse, and the five and six-year-old victims "testified with clarity that [the 14-year-old offender] had `put his weiner in my butt'". Id.
 {¶ 79} Recently in a case where the child victim was determined to be incompetent to testify, this court found sufficient evidence of rape based upon the out-of-court statements made by the young victim to her mother, to a nurse, and to a social worker. In re D.L., Cuyahoga App. No. 84643, 2005-Ohio-2320. In In re D.L., the nurse testified that although the medical exam showed no evidence of physical injury, the child stated to her that, "he stick — stick me on a stick." Id. Also, a social worker testified that during her interview with the child, the three-year-old victim was able to explain what happened to her using anatomical pictures and gave the social worker "a great deal of detail." Id.
 {¶ 80} The limited evidence in In re D.L. is more than we have in the record of the case before us. There are no detailed explanations made by the children to the social worker, therapist, or anyone else. There were no anatomical pictures used. The only description of sexual contact between C.C. and the twins was the out-of-court statement by one of the four-year-olds that C.C. "put his pee pee in my butt." The other twin told the social worker only that C.C. touched his "butt" with his "pee pee." While it is reasonable to assume that by "pee pee," the children were referring to C.C.'s penis, it is not reasonable, and we cannot assume that by "butt" the children were referring specifically to their anus and not just their buttocks.
 {¶ 81} The trial court ruled the children were incompetent to testify, therefore there was no opportunity during trial to question the children to determine if there had been penetration of the anal cavity. There was no medical evidence of penile-anal penetration. None of the witnesses, the mother, social worker, or therapist, testified that the children made any other statements or descriptions of what happened to them that could be used to prove penetration. The therapist, Phyllis Maris, testified that she tried to use puppet play in her sessions with the boys, but did not find it particularly useful. She stated that instead she used a sex abuse prevention program called "Good Touch, Bad Touch" that talks about the kind of touching that makes a child feel uncomfortable. The program uses coloring books with a blank figure without anatomical details, and Maris testified that the children are not asked to put in any anatomical details. When she asked one of the twins to color in where he had been touched in a way that made him feel uncomfortable, Maris said he did a lot of coloring, "but it was all over, and there was a lot in the crotch area, but it was also on the head, shoulders, and arms." In another session, she asked the same boy if C.C. had hurt him, and the boy said, "No."
 {¶ 82} Maris testified that in her opinion the boys had been sexually abused. She further stated that it was her belief that there had been, "some kind of sexual penetration of the anus and it was by a penis." However, there is nothing in the record to support this opinion. There was no use of anatomically correct dolls, puppets, drawings, or demonstrations. The therapist stated specifically that the program she used with the children did not use anatomical drawings. She related no reference the boys made to specific body parts except the one statement that "C.C. put his pee pee in my butt," the same statement offered by others. While the evidence supports a finding that appellant's penis made contact with the boys buttocks, Maris offered no reliable testimony upon which a trier of fact could find beyond a reasonable doubt that the requisite sexual conduct for rape, namely penetration, had occurred.
 {¶ 83} I am fully aware of the complex matters involving sex abuse against children. These are difficult cases, to say the least. When the offender is also a child, the case is even more difficult. But the state must satisfy its burden of proof on the offense charged in order to sustain a finding of guilt or delinquency. In this case, the totality of the evidence — the victims' statements, coupled with the subsequent nightmares and acting out, and the therapist's testimony — may indeed be sufficient to demonstrate inappropriate sexual contact, but to adjudicate C.C. delinquent on a charge of anal rape, the state had to prove penetration beyond a reasonable doubt. Penetration, however slight, is an essential element of "sexual conduct" which is required for the crime of rape. See R.C. 2907.02(A)(1)(b); R.C. 2907.01(A);Wells, supra. The evidence presented by the state fails to demonstrate that C.C.'s penis penetrated, even slightly, the anal cavities of either of the victims. There is therefore, insufficient evidence for an adjudication of delinquency on the basis of rape and I would reverse the judgment of the trial court. *Page 1