[Cite as *In re T.W.*, 2012-Ohio-1305.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11 MA 35 |
| | ) | |
| T.W. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio Case No. 10 JA 1723 |
| JUDGMENT: | Affirmed. |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | Atty. Paul J. Gains Mahoning County Prosecutor Atty. Ralph M. Rivera Assistant Prosecuting Attorney 21 West Boardman Street, 6th Floor Youngstown, Ohio 44503 |
| For Defendant-Appellant: | Atty. Rhys B. Cartwright-Jones 42 N. Phelps Street Youngstown, Ohio 44503-1130 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 21, 2012

WAITE, P.J.

{¶1} This is an appeal of a judgment from the Mahoning County Court of Common Pleas, Juvenile Division, regarding the juvenile delinquency of minor child T.W. A delinquency complaint was filed in juvenile court charging T.W. with aggravated robbery (with a gun specification), resisting arrest, and carrying a concealed weapon. He and an accomplice were alleged to have robbed the Campbell Pharmacy on September 7, 2010. T.W. was brandishing a .357 Taurus revolver during the robbery. Afterwards, he fled and hid under a porch, and a K-9 police dog had to be used to retrieve T.W. from his hiding place. T.W. was 13 years old when the crimes occurred. Counsel was appointed and the case was assigned to a magistrate. T.W. entered a plea of admission to aggravated robbery, a first degree felony if committed by an adult, along with an accompanying gun specification. The gun specification called for a mandatory term of commitment of one to three years. The court's dispositional order imposed a mandatory thirty-six month term of commitment for the gun specification, along with twelve months for the aggravated robbery, to be served consecutively. T.W. appealed, and counsel was appointed on appeal.

{¶2} T.W.'s attorney has filed a motion to withdraw as appointed counsel in this appeal, pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (7th Dist.1970). T.W.'s counsel has determined, after examining the record and finding no reasonable arguments on appeal, that this appeal is wholly frivolous and that he should be permitted to withdraw. Counsel's motion to withdraw is well-taken and for the reasons that follow, we grant the motion and affirm the judgment of the trial court.

{¶3} T.W. was arrested on September 7, 2010. A juvenile delinquency complaint was filed against him on September 8, 2010. He was charged with aggravated robbery with a gun specification, resisting arrest, and carrying a concealed weapon. He initially entered a denial to the charges and counsel was appointed. He later agreed to change his plea, and a change of plea hearing was held on December 9, 2010. T.W. admitted to aggravated robbery, R.C. 2911.01 (a first degree felony), and the accompanying gun specification, R.C. 2941.145 and R.C. 2152.17, and the state agreed to dismiss the remaining charges. The gun specification carried a mandatory penalty of one to three years of confinement with the department of youth services. R.C. 2152.17(A)(2). The court reviewed all the constitutional rights T.W. was waiving by entering the plea of admission. The court accepted the plea and adjudicated T.W. a delinquent child. The judgment entry was filed on December 16, 2010.

{¶4} The disposition of the case was originally heard before a magistrate, who recommended a minimum 12-month period of confinement for the aggravated robbery charge, and an additional 12 months for the gun specification. The probate judge did not accept the recommendation of the magistrate and held its own dispositional hearing on January 31, 2011. At that hearing, T.W. indicated that he disagreed somewhat with some of the facts in the police report surrounding his arrest. The court reset the hearing so that the arresting officer could testify. At the continued hearing on February 14, 2011, and prior to any testimony by the police officer, T.W. changed his testimony and agreed with the facts as contained in the

police report. He agreed that he resisted arrest, that a police dog was sent in to pull him out from under the porch, that he continued to resist arrest, that the dog was released again, and that he sustained an injury to his thigh during the arrest. T.W.'s counsel did not want the officer to testify, and no more was said about the circumstances of the arrest. The court concluded there was no suggestion of police brutality in the circumstances of T.W.'s arrest.

{¶5} At the dispositional hearing, the court reviewed T.W.'s extensive criminal history, which included convictions for domestic violence, drug use, vandalism, disorderly conduct, and prior charges of burglary and attempted aggravated menacing. T.W. was part of a gang, often ran away from home, and repeatedly violated his probation. The judge noted that T.W. had no remorse for the crime, although he did show some remorse over the fact that he had been caught. The judge reviewed the circumstances of the crime, including the fact that drug and alcohol use was involved. The judge was aware that the gun T.W. used in the crime was not loaded. The court also reviewed the turbulent and dire circumstances of T.W.'s upbringing, which included family members sustaining gunshot wounds or being killed by gun violence. Although his mother tried to control T.W.'s behavior, it was very difficult and she would lock him out of the house at times.

{¶6} The prosecutor made no recommendation regarding the punishment for the gun specification. The victim described the terror she felt at having a gun held to her head, and she requested the maximum sentence.

{¶7}    The court committed T.W. to twelve months of minimum confinement on the aggravated robbery charge, and a mandatory three years of minimum confinement on the gun specification, up to a maximum confinement to last until T.W.'s twenty-first birthday.  He was given credit for time served.  The judgment entry was filed on February 24, 2011.  This appeal followed.

{¶8}    An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw if the attorney can show that there is no merit to the appeal.  *See, generally*, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Toney*, *supra*.  To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal.  *Toney* at 207.  The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.  *Id.*

{¶9}    In *Toney*, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:

> {¶10}  3. Where a court-appointed counsel, with long and
>
> extensive experience in criminal practice, concludes that
>
> the indigent's appeal is frivolous and that there is no
>
> assignment of error which could be arguably supported on
>
> appeal, he should so advise the appointing court by brief

and request that he be permitted to withdraw as counsel of record.

**{¶11}** 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

**{¶12}** 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶13}** 6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

**{¶14}** 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed. (Emphasis sic.) Id. at syllabus.

{¶15} T.W.'s counsel has not listed any non-frivolous issues to review on appeal. The record contains the facts surrounding T.W.'s crime and subsequent arrest. Counsel was appointed to represent T.W. throughout the juvenile court proceedings and on appeal.

{¶16} When accepting a plea of admission in juvenile proceedings, the court must strictly comply with Juv.R. 29(D) as it pertains to the waiver of critical constitutional rights. *In re Onion*, 128 Ohio App.3d 498, 503, 715 N.E.2d 604 (11th Dist.1998).

{¶17} The court should also try to strictly comply with the remaining aspects of Juv.R. 29(D). It must, at a minimum, substantially comply with the parts of the rule that do not implicate critical constitutional rights. Juv.R. 29(D) states that the court "shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.*

{¶18} The record of the change of plea hearing indicates that the court strictly complied with Juv.R. 29(D). The judge specifically explained that T.W. had the right

to trial, to present evidence and subpoena witnesses, to challenge the evidence against him, to remain silent, and to require the state to prove the charges against him beyond a reasonable doubt. T.W. clearly waived all those rights at the hearing. The judge described the charges and explained the minimum and maximum periods of confinement T.W. was facing. The court found that T.W. intelligently and voluntarily waived his rights and entered the plea.

**{¶19}** The juvenile court has wide latitude in issuing its dispositional order after a plea of admission to delinquency charges. "The order of disposition in a juvenile case is a matter within the court's discretion." *State v. Matha*, 107 Ohio App.3d 756, 760, 669 N.E.2d 504 (9th Dist.1995). In fact, a juvenile court is allowed more discretion in its dispositional sentencing than for comparable actions under criminal law. *In re Tiber*, 154 Ohio App.3d 360, 2003-Ohio-5155, 797 N.E.2d 161, ¶25. Abuse of discretion means the decision of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶20}** There is a discussion in the record regarding the use of the K-9 dog to pull T.W. from underneath a porch as he was resisting arrest. The court was concerned that certain comments that T.W. had made could be interpreted as a suggestion of police brutality, but T.W.'s counsel denied that he had ever raised the issue or that there was any problem that arose from use of the police dog. (2/14/11 Tr., pp. 4-5.) The court reviewed the facts of T.W.'s apprehension by the police, and

nothing further was mentioned about the subject. Nothing in the record suggests any legal issues arising from T.W.'s arrest or the use of the police dog in the arrest.

**{¶21}** The record contains substantial evidence supporting the juvenile court's disposition. The crime involved T.W. pressing a gun to the victim's head and cocking the gun. T.W. showed little or no remorse for his actions. He has an extensive juvenile record, including prior violent crimes. The trial court reviewed all the facts of the case and the facts of T.W.'s life history, including the statements made by T.W. and by his counsel at the final hearing. The penalty imposed was permitted by law and was within the court's discretionary authority.

**{¶22}** The record indicates that the juvenile judge did not agree completely with the disposition recommended by the magistrate, and after reviewing the facts the judge imposed a harsher penalty for the gun specification than was recommended by the magistrate. The magistrate suggested imposing a one-year sentence, but the trial court decided to impose three years of confinement. There is no error here. The juvenile judge has the authority to hold additional hearings or correct or modify a magistrate's decision even if no objections are filed. *Davis v. Davis*, 115 Ohio App.3d 623, 625, 685 N.E.2d 1292 (7th Dist.1998). Juv.R. 40(D)(4)(b) states: "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Thus, no issues arise from the fact that the magistrate's recommendation was not accepted by the court.

**{¶23}** In conclusion, there are no non-frivolous issues to be reviewed in this appeal.  T.W. admitted to the crime and a lawful punishment was imposed by the juvenile court.  All the appropriate hearings were held, and T.W. intelligently and voluntarily waived his rights and entered an admission.  The record supports the punishment that was imposed.  Counsel's motion to withdraw pursuant to *Toney* and *Anders* is hereby granted and the judgment of the juvenile court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.